UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE SCHMIDT, <br><br> Plaintiff, <br><br> v. <br><br> OLLIE HOLDINGS, LLC <br><br> Defendant. | **Civil Action Number:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Jacqueline Schmidt, represented by counsel Farva Jafri, and brings this complaint against Ollie Holdings, LLC ("Ollie") for breach of contract.

## NATURE OF THE CLAIMS

1. This is an action for monetary damages to redress Defendant's breach of contract.

2. Plaintiff was the first employee at Ollie Holdings. Ollie hired her on June 1, 2015. She wore a variety of hats at the early-stage start-up that was recently acquired by Starcity (https://blog.starcity.com/ollie-joins-the-starcity-orbit).

3. As part of Plaintiff's employment agreement, Ollie granted her 25,000 shares.

4. During the COVID-19 pandemic, Plaintiff was furloughed.

5. Plaintiff exercised her repurchase option, but Defendant has refused to honor the terms of Plaintiff's contract.

6. Defendant's willful and unlawful conduct has caused and continues to cause Plaintiff to suffer economic damages.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332, because Plaintiff is a citizen of New York and Ollie is a citizen of Delaware. The amount in controversy exceeds $75,000. The court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. Section 1367(a).

8. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this district.

9. This Court has personal jurisdiction over Defendant because Ollie's office, to which Plaintiff reported, is located and conducts business in this district.

## PARTIES

10. Plaintiff is an individual who resides in Brooklyn, NY. She was the first Ollie employee and wore many hats until she was furloughed in 2020, and then ultimately terminated.

11. Defendant is a Delaware limited liability company that another company, Starcity, acquired in or around December of 2020. Ollie's offices are in New York, NY.

## FACTUAL ALLEGATIONS

12. On June 1, 2015, Defendant granted Plaintiff 25,000 shares as part of her Employment Agreement (Exhibit A, Jacqueline Schmidt's Employment Agreement). Plaintiff was the first employee at Ollie and was a faithful employee up until the date that she was terminated. Plaintiff went above and beyond as Ollie's first employee and abided by the terms of her employment agreement.

13. Ollie, as part of the employment agreement, also gave Plaintiff capital participation units, otherwise known as "equity." The employment agreement provided for a repurchase option in the event of separation.

14. Plaintiff was furloughed due to the COVID-19 pandemic on April 3, 2020. On September 3, 2020, Defendant terminated Plaintiff.

15. Within thirty days of Plaintiff's termination and pursuant to her employment agreement, Plaintiff exercised her repurchase option in writing on September 15, 2020 (Exhibit B, Plaintiff's Exercise of Her Repurchase Option) and once over the phone on September 10, 2020. During Ms. Schmidt's phone call in which she brought up her equity package and made a request for severance, the Company stated that they would "discuss it with the board."

16. The guaranteed repurchase price of Plaintiff's options was $375,000.

17. Rather than addressing Plaintiff's lawful demand, the Company ignored the exercise of her repurchase option and tried to stymie her efforts to exercise said repurchase option. In fact, the Company took a full week to even confirm receipt of Plaintiff's e-mail dated September 15, 2020 and then next responded to her only on October 22, 2020 after Plaintiff followed up twice without mention of the said "equity package" addressed in her September 15, 2020 email.

18. Ollie also owes $206.61 in commission and $15,000 in technical services fees to Plaintiff. On November 5, 2020, there was still no word from Defendant regarding Plaintiff's exercise of her repurchase option. However, on this same day, Defendant sent Plaintiff a *fait accompli* signed separation agreement through DocuSign that stated Plaintiff must forego her commission, technical services fees and any equity in the company. Plaintiff never signed the separation agreement.

19. Plaintiff has provided Defendant with a last clear chance of avoiding litigation by sending a demand letter. Defendant has still refused to comply with the terms of its agreement with Plaintiff.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

20. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. Plaintiff and Defendant entered into valid contract on June 1, 2015.

22. Plaintiff has performed under the terms of that employment contract up until this day.

23. Defendant breached this contract by failing to abide by its terms and ignoring Plaintiff's repurchase option.

24. Defendant's actions have led to damages to Plaintiff in the amount of $392,975.25, not including attorney's fees, interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. An award of damages in an amount to be determined at trial, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the value of her equity, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

B. An award of damages in an amount to be determined at trial to compensate Plaintiff for all non-monetary and or compensatory damages;

C. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial;

D. An award of punitive damages;

E. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

F.  Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Armonk, NY | JAFRI LAW FIRM |
| Dated: April 21, 2021 | By:  */s/ Farva Jafri* |
|  | *Attorney for Plaintiff* |
|  | Farva Jafri |
|  | 50 Evergreen Row |
|  | Armonk, NY 10504 |
|  | farva@jafrilawfirm.com |
|  | p: (800) 593 7491 |
|  | f: (224) 228 6721 |

5