UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jacqueline Schmidt,

                Plaintiff,

-against-

Ollie Holdings, LLC,

                Defendant.

1:21-cv-03533 (AJN) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

This diversity action was referred to me today to make a report and recommendation regarding the motion for default judgment filed by Plaintiff Jacqueline Smith ("Plaintiff") against Defendant Ollie Holdings, LLC ("Defendant"). (Order of Ref., ECF No. 21.) However, as discussed below, the Court cannot consider the pending motion because Plaintiff has failed to adequately plead subject matter jurisdiction.

"In the default judgment context, the only issue that usually needs to be decided is whether the plaintiff has provided adequate support for the damages or other relief he seeks. . . . However, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 261-62 (S.D.N.Y. 2017) (citations and internal quotation marks omitted).[1]

---

[1] "'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). "Perhaps the most important limit is subject-matter jurisdiction, which defines 'a court's competence to adjudicate a particular category of cases.'" *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wachovia Bank v.*

The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). Here, Plaintiff invokes federal jurisdiction on the basis of diversity jurisdiction. A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'" *Platinum-Montaur*, 943 F.3d at 617 (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

A limited liability company "takes the citizenship of its members." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (citing *Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000)). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, No. 10-CV-00046 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citing *Handelsman*, 213 F.3d at 51-52).

---

*Schmidt*, 546 U.S. 303, 305 (2006)). "'[B]ecause it involves a court's power to hear a case,' subject-matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties." *Id*. (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Even if no party raises the issue, the Court must be satisfied that subject matter jurisdiction exists. *See Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001); *see also Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 54 (S.D.N.Y. 2004) ("A district court is required to raise *sua sponte* the question whether diversity of citizenship is adequately pleaded[.]").

Here, Plaintiff has not met her burden of showing the existence of subject matter jurisdiction. In the Complaint, Plaintiff alleges that she is an individual who resides in Brooklyn, New York. (Compl., ECF No. 1, ¶ 10.) She also alleges that Defendant is a Delaware limited liability company ("LLC") with offices in New York, New York. (*Id*. ¶ 11.) However, she fails to allege the citizenship of the member or members of the LLC. Thus, the Complaint fails to properly allege the citizenship of Defendant—leaving the Court with no basis for exercising diversity jurisdiction. Thus, at present, this action cannot be maintained in this Court.

By reason of the foregoing, Plaintiff is hereby ORDERED, no later January 7, 2022, to file an affidavit or declaration setting forth the citizenship of the member or members of the Defendant LLC.

Dated:     New York, New York
               December 22, 2021

_____
**STEWART D. AARON**
**United States Magistrate Judge**